IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00518-GPG

IGNACIO HERNANDEZ HERRERA,

    Petitioner,

v.

PAM BONDI, U.S. Attorney General;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and
JUAN BALTASAR, Warden, Denver Contract Detention Facility,

    Respondents.

## ORDER

Before the Court is a Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief (D. 1). The Court GRANTS IN PART the petition. Because the briefing demonstrates that Petitioner Ignacio Hernandez Herrera's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

### I. FACTS

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a determination in his removal proceedings.[1] Petitioner is a native and citizen of Mexico who has

---

[1] The Court draws the operative facts as set forth in the Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief (D. 1).

1

been present in the United States since 1989 (D. 1 at ¶ 2). Petitioner was detained by ICE on January 24, 2026 (*id.* at ¶ 5). Petitioner filed this habeas case arguing that his continued detention is in violation of the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment (D. 1). On February 11, 2026, Magistrate Judge Kathryn A. Starnella ordered Respondents to show cause why Petitioner's application should not be granted (D. 4). Respondents filed their response on February 17, 2026 (D. 10).

## II. LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

This Petition raised legal issues that the Court resolved in favor of petitioners on many prior occasions (*see* D. 1-2) (citing some of the Court's prior decisions). In recognition of this, Respondents filed a Response noting their disagreement with the Court's past rulings (D. 10). The Court remains firmly convinced that the Court and the other Judges in the District who have addressed the issues raised here have correctly decided those and incorporates their analysis from these prior cases. *Garcia Cortes*, 2025 WL 2652880, *1–*4; *Batz Barreno*, 2025 WL 3190936, *1–*3; *Mendoza Gutierrez v. Baltasar*, No. 25-cv-2720-RMR, 2025 WL 2962908, at *4–*9 (D. Colo. Oct. 17, 2025). Accordingly, the Court finds that Petitioner is entitled to a custody hearing that has not been provided in violation of due process.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a custody hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest. Respondents shall provide Petitioner with a custody hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225(b)(2)(A). Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's custody hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

The Court further orders that pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Respondentss SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

DATED February 17, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge